UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TERRY D. QUATTLEBAUM,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS, INC. and
RICHARD G. REESE, JR.,

    Defendants.

Civil Action No. TDC-16-1711

## MEMORANDUM OPINION

Self-represented plaintiff Terry D. Quattlebaum has filed suit against Defendants Bank of America, N.A., Countrywide Home Loans, Inc. ("Countrywide"), and Richard G. Reese, Jr. (collectively, "Defendants") alleging violations of the Maryland Mortgage Fraud Protection Act, Md. Code Ann., Real Prop. § 7-401 (LexisNexis 2015); Md. Code, Criminal Law § 8-501; Md. Code, Tax-General § 10-912; 11 U.S.C. § 727; Section 230(b) of the National Housing Act ("NHA"), 12 U.S.C. § 1715u(b) (2012); and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692- 1692p (2012). Presently pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 24. Having reviewed the Complaint and the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND[1]

Quattlebaum's primary residence is located on Hanover Parkway in Greenbelt, Maryland (the "Property"). On January 23, 2008, Quattlebaum refinanced the mortgage on the Property with Dell Franklin Financial ("Dell"), taking out a mortgage for $188,028. In 2012, the deed of trust from the refinanced mortgage was assigned to Bank of America, which also holds the note.

On January 31, 2012, Quattlebaum filed for Chapter 7 bankruptcy. He received a discharge of his eligible debts on May 9, 2012. The Property was not administered during the bankruptcy proceeding, and Quattlebaum continues to reside there. During the bankruptcy proceeding and after it concluded, Defendants continued to collect mortgage payments. In 2012, Defendants offered Quattlebaum a loan modification "to include a 'partial payment' for $9,481.36" because the mortgage was 12 months delinquent. The loan modification was not completed or recorded in Prince George's County land records. Compl. ¶ 38, ECF No. 2. Quattlebaum claims that this offer misled him and the United States Department of Housing and Urban Development ("HUD") because it deliberately omitted certain facts. For example, he asserts that Defendants had previously reported, falsely, that the Property was "acquired in a foreclosure action and conveyed to a third party," and that Defendants had made such a statement in order to defraud HUD and improperly receive tax benefits. *Id.* ¶¶ 22-24. Defendants also initiated an action to collect fees accrued on late mortgage payments between January 6, 2012 and September 9, 2015.

Quattlebaum asserts generally that Defendants have a history of "violations of unfair and deceptive trade practices." *Id.* ¶ 17. He notes that following a federal investigation of

---

[1] Additional facts and background information can be found in this Court's Memorandum Opinion in *Quattlebaum v. Bank of America, N.A.*, No. TDC-14-2688, 2015 WL 1085707 (D. Md. Mar. 10, 2015).

2

wrongdoing associated with its mortgage servicing procedures, Bank of America and Countrywide agreed to consent judgments requiring them to comply with certain servicing standards. He states that such misconduct was "consistent with [the] negligence and manipulation of the real estate servicing provisions stated in this complaint." *Id.* ¶ 18. He claims that Defendants have made deliberate misstatements in the course of servicing his refinanced mortgage and have misrepresented themselves as the beneficiaries of the property deed in order to gain control of the Property. He further asserts that "several offices of the Defendants" and at least two law firms are also involved with Defendants' mortgage servicing business and that these entities are engaged in a conspiracy against him. *Id.* ¶ 25.

On May 22, 2014, Quattlebaum filed suit against Bank of America, Countrywide, and Reese, in his capacity as Resident Agent of Dell, seeking to quiet title to the Property and claiming damages for the defendants' alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f (2012), the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617 (2012), and Uniform Commercial Code ("U.C.C.") § 3-501, as well as Maryland common law. *See Quattlebaum v. Bank of America, N.A.*, No. TDC-14-2688, 2015 WL 7185438, at *1 (D. Md. Nov. 12, 2015) ("*Quattlebaum I*"). The Court granted the defendants' motion to dismiss all of Quattlebaum's claims but provided Quattlebaum with leave to amend certain claims. Quattlebaum filed an Amended Complaint on March 24, 2015, and the defendants again moved to dismiss. On November 12, 2015, the Court granted the motion and dismissed Quattlebaum's claims with prejudice. *See id.* at *6.

Quattlebaum filed this case on April 14, 2016, in the Circuit Court of Maryland for Prince George's County. Acknowledging that this litigation "was initially filed . . . on May 22, 2014," the date of the original complaint in *Quattlebaum I*, the Complaint again seeks to quiet

title to the Property. Compl. ¶ 7. Quattlebaum also demands reimbursement of monthly mortgage payments made after the discharge of his debts in bankruptcy, an order requiring the Defendants to reimburse HUD for payments associated with a loan modification, an order requiring Defendants to pay outstanding property taxes on the Property, and compensatory and punitive damages. Defendants removed the case to this Court on May 27, 2016, asserting jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. On August 5, 2016, Defendants filed their Motion to Dismiss for Failure to State a Claim.

## DISCUSSION

Defendants seek dismissal of the Complaint on several grounds, including that the claims are barred by *res judicata* because they arise from the same causes of action alleged in *Quattlebaum I*. Quattlebaum argues that *res judicata* does not apply and that he should have the opportunity to prove his case. The Court concludes that Quattlebaum's claims are barred by *res judicata* and therefore does not address Defendants' remaining arguments.

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*,

4

510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II. *Res Judicata*

Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55. There can be no dispute that *Quattlebaum I* culminated in a final judgment on the merits. Likewise, with respect to the third prong, in both *Quattlebaum I* and the present case, Quattlebaum named as defendants Bank of America, Countrywide, and Reese as Resident Agent of Dell.

Thus, the focus is on the second prong. Cases involve the same "cause of action" if they "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)). Even if a plaintiff is proceeding under a different legal theory, "[a]s long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal citation and quotation marks omitted). Notably, *res judicata* bars not only claims actually litigated in the first case, but also claims that could have been litigated in that proceeding. *Pueschel*, 369 F.3d at 355-56.

By acknowledging that this litigation began with the filing of *Quattlebaum I*, Quattlebaum appears to recognize that the two cases arise from the same series of transactions.

5

Both cases relate to the refinanced mortgage on the Property, Quattlebaum's bankruptcy case, a loan modification application, and Defendant's subsequent actions to enforce the mortgage. In both cases, Quattlebaum raises claims relating to Bank of America's status as holder of the Note and alleged misrepresentations by Bank of America concerning the mortgage. In *Quattlebaum I*, Quattlebaum alleged that Bank of America did not have authority to enforce the Note, made false and misleading statements relating to the mortgage, and failed to file a proof of claim in Quattlebaum's bankruptcy case. Here, Quattlebaum alleges that Defendants made fraudulent statements related to Bank of America's status as the holder of the Note and misrepresentations concerning the loan modification. In addition, he repeats the allegations that Defendants do not have standing or authority to enforce the refinanced loan and that Defendants failed to file a proof of claim in the bankruptcy case. All of these claims are precluded because they were asserted and resolved in *Quattlebaum I*.

To the extent that Quattlebaum raises new claims in this case, those claims are also precluded because they arise from the same series of transactions and core of operative facts at issue in *Quattlebaum I*, such that Quattlebaum could have raised them in the earlier action. For this reason, it does not matter that the causes of action in *Quattlebaum I* were grounded in RESPA, TILA, the Uniform Commercial Code, and Maryland common law, while the present case is brought under the Maryland Mortgage Fraud Protection Act, the Bankruptcy Code, the National Housing Act, and the FDCPA. "The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355 (internal citations and quotation marks omitted). Although Quattlebaum has asserted claims under some

different state and federal statutes than those relied upon *Quattlebaum I*, all of the new claims arise from the same transactions and core of facts relating to the mortgage, bankruptcy, and loan modification and thus could have been asserted in *Quattlebaum I*. Finally, Quattlebaum provides no basis to conclude that any new information asserted in the Complaint was unavailable to him at the time of the first lawsuit. Consequently, his claims are barred. *See Covert v. LVNV Funding, LLC*, 779 F.3d 242, 248 (4th Cir. 2015).

In his Opposition to the Motion to Dismiss, Quattlebaum asserts that *res judicata* should not apply because the Court previously ruled that the Complaint "does not involve common questions of law or fact." Opp'n at 9, ECF No. 26. The Court understands Quattlebaum to be referencing the Court's previous Order denying Quattlebaum's "Motion to Joinder Related Cases," filed August 4, 2016, in which Quattlebaum requested that this case be consolidated with five lawsuits that he claimed were related to this one, including *Quattlebaum I*. The Court denied that motion because the five cases identified by Quattlebaum were "either not active or not pending before the United States District Court for the District of Maryland." Order at 2, ECF No. 25. *Quattlebaum I* had already been dismissed at that time, and the remaining cases were filed with the United States Bankruptcy Court for the District of Maryland and the Circuit Court of Maryland for Prince George's County. Thus, contrary to Quattlebaum's assertion, the Court did not previously decide that this case does not share common questions of law or fact with *Quattlebaum I*, but rather declined to consolidate this case with *Quattlebaum I* because that case was already closed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 24, is GRANTED. A separate Order shall issue.

Date:  December 7, 2016

_____
THEODORE D. CHUANG
United States District Judge